**Jose ROMAN, William J. Dumas, Roosevelt Davis, Shirlee Nazario and Digna Rivera, Appellants,**

v.

**JURY SELECTION COMMISSION OF LEBANON COUNTY, Court Administrator of Lebanon County and Director of Data Processing for Lebanon County.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 9, 2001.

Decided July 16, 2001.

---

William J. Dumas, for appellants, pro se.

Adrienne C. Snelling, Lebanon, for appellees.

Before DOYLE, President Judge, SMITH, Judge, FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

On November 23, 1999, Jose Roman, William J. Dumas (Appellant), Roosevelt Davis, Shirlee Nazario and Digna Rivera (collectively, Plaintiffs) filed a civil rights action in the Court of Common Pleas of Lebanon County (trial court) pursuant to 42 U.S.C. § 1983 and the Constitution of Pennsylvania alleging that the Jury Selection Commission of Lebanon County (Commission), the Court Administrator of Lebanon County (Administrator), and the Director of Data Processing for Lebanon County (Director) (collectively, Appellees), in setting the procedure for jury selection, acted discriminatorily, and unfairly in an attempt to prevent Blacks, Hispanics, City of Lebanon residents, disabled persons, and low income residents from sitting as trial jurors in Lebanon County.

Appellees filed preliminary objections challenging the legal sufficiency of the pleadings and the failure of the Plaintiffs to conform to the rules of court. The trial court sustained the objections and granted Plaintiffs leave to file an amended pleading. On March 21, 2000, Plaintiffs filed an amended complaint. Appellees filed preliminary objections to the amended complaint again raising the legal sufficiency of the pleading. On August 7, 2000, the trial court dismissed Plaintiffs amended complaint.

On September 5, 2000, Plaintiffs filed a notice of appeal to our Court. Subsequently, we dismissed the appeals of Jose Roman, Rossevelt Davis, Shirlee Nazario and Digna Rivera for failure to file briefs. Thus, William J. Dumas, alleging he represents "Black Males," is the sole Appellant in this case.

Appellant contends that the trial court erred and abused its discretion in granting Appellees' preliminary objections; that the finding of res judicata and collateral estoppel were based on facts not of record; that the trial court sua sponte asserted defenses for Appellees; that the trial court relied on an assertion in Appellees brief that was not raised in their preliminary objections; that the trial court dismissed the complaint based on lack of a cause of action for Plaintiffs failing to allege that their names were omitted from the master list; and that the trial court erred in placing procedural bars to the action and in finding that the Plaintiffs had failed to aver that the

discriminatory jury selection system had affected them personally.[1]

■ In *Urbanic v. Rosenfeld*, 150 Pa. Cmwlth. 468, 616 A.2d 46 (1992), our Court explained that:

[A] Section 1983 action does not create any substantive rights, but merely serves as a "vehicle or...'device' by which a citizen is able to challenge conduct by a state official whom he claims has deprived or will deprive him of his civil rights." Harry Blackmun, Section 1983 and Federal Protection of Civil Rights Will the Statute Remain Alive or Fade Away?, 60 N.Y.U.L.Rev. 1, 1 (1985).

*Id.*, 616 A.2d at 52. Thus, in order to maintain a cause of action under Section 1983, a plaintiff must establish that he has been deprived of some cognizable federal right by someone acting under color of state law. *Id.* (citation omitted). If a claim or issue related to that federal right has been determined in a prior adjudication, the established rules of res judicata and collateral estoppel apply. *Allen v. McCurry*, 449 U.S. 90, 105, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

■ Res judicata, or claim preclusion, is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. *Allen v. McCurry*, 449 U.S. at 94, 101 S.Ct. 411. Res judicata applies not only to claims actually litigated, but also to claims which could have been litigated dur-

ing the first proceeding if they were part of the same cause of action. *Id.*

■ In September of 1998, the United States District Court for the Middle District of Pennsylvania granted Lebanon County, Administrator and the District Attorney of Lebanon County's (collectively, Lebanon) petition for summary judgment against the Committee Against Discrimination and Social Injustices (CADSI) in which Appellant was represented (First Action). In this First Action, CADSI sought relief pursuant to 42 U.S.C. §§ 1983 and 1988, claiming that Lebanon tampered with the jury selection process in order to "reduce the participation of Blacks and Hispanics." Opinion of the United States District Court for the Middle District of Pennsylvania, September 10, 1998 (U.S.Dist.Ct.Opinion), at 3.

■ In the current controversy, Appellant asserts that Appellees manipulated the procedure for jury selection in order to discriminate against Blacks, Hispanics, City of Lebanon residents, disabled persons and low income residents of Lebanon County.[2] Both actions involve manipulation of the jury selection process and the same acts of discrimination by Appellees. Both of these claims are derived from the same cause of action, discriminatory jury selection, and separate actions would require that the parties rehash the facts and legal arguments presented in the First Action, exactly the type of situation that the doctrine of res judicata is designed to avoid. Therefore, the Appellant's present action under Section 1983 and the Constitution of Pennsylvania is barred under the theory of res judicata. Based on this determination, it is unnecessary for us to

---

1. A review of the record indicates that Appellant's assertions of the trial court sua sponte asserting defenses for Appellees' and relying on assertions in Appellees brief as opposed to their preliminary objections, is unfounded.

2. Appellant asserts discrimination against himself as a black male. Plaintiffs' Complaint, March 21, 2000, at 1.

analyze Appellant's other allegations of error.[3]

Accordingly, we affirm.

## ORDER

AND NOW, this 16th day of July, 2001, the order of the Court of Common Pleas of Lebanon County, at No. 1999–01382, dated August 7, 2000, is affirmed.

3. The doctrine of collateral estoppel, or issue preclusion, also applies to this case. Collateral estoppel is a doctrine which prevents relitigation of an issue in a later action, despite the fact that it is based on a cause of action different from the one previously litigated. *Allen.* The identical issue must have been necessary to final judgment on the merits, and the party against whom the plea is asserted must have had a full and fair opportunity to litigate the issue in question. *Allen,* 449 U.S. at 94–95, 101 S.Ct. 411.

The doctrine of collateral estoppel prevents the assertion of issues previously addressed in prior litigation. *Balent v. City of Wilkes–Barre,* 542 Pa. 555, 669 A.2d 309 (1995).

Collateral estoppel applies when: the identical issue has been litigated to final judgment; the party against whom the doctrine is asserted was a party to the prior action; and that party had a full and fair opportunity to litigate the issue. *Id.* All three prongs must be met for collateral estoppel to apply.

In the present controversy, all three prongs have been met for collateral estoppel to apply. The identical issues have been litigated, discriminatory jury selection; the parties are identical; and Appellant had a full and fair opportunity to litigate the issue in the prior proceeding. Thus, Appellant's action would have been barred under this theory as well.